### In re VALUEVISION INTERNATIONAL INC. SECURITIES LITIGATION.

**This Document Relates To: All Actions.**

**No. 94–CV–2838.**

United States District Court, E.D. Pennsylvania.

March 25, 1997.

---

Robert I. Harwood, Wechsler, Skirnick, Harwood, Halebian & Feffer, New York, NY, Mark S. Goldman, Jeffrey L. Kodroff, William J. Murray, Jr., Spector and Roseman, Philadelphia, PA, for Steven A. Kalodner.

Christopher K. Walters, Reed, Smith, Shaw & McClay, Philadelphia, PA, for Valuevision International, Inc.

Christopher K. Walters, Kenneth M. Kolaski, Reed Smith Shaw & McClay, Philadelphia, PA, Russell Hayman, Hugh Steven Wilson, Latham and Watkins, Los Angeles, CA, J. Patrick McDavitt, Briggs and Morgan, Minneapolis, MN, for Robert L. Johander.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

At a hearing on March 19, 1997, I approved the settlement in this securities class action. I will not reiterate the reasons I gave at the hearing for approving the settlement, but write to explain my award of attorneys' fees in the Final Judgment and Order of Dismissal issued with this memorandum.

■ Plaintiffs have requested a fee award for class counsel of 30% of the gross settlement fund of $1,057,905.40 (which is $1,000,000 plus accrued interest), plus reimbursement of $131,768.41 in expenses. So calculated, the requested award would have amounted to $317,371.62. In the Final Judgment and Order, I have awarded plaintiffs' counsel the exact dollar amount plaintiffs have requested. But I have arrived at this result via a rationale somewhat different from that advanced by plaintiffs.

■ My finding as to the appropriateness of the requested fee was based on a consideration of (1) the substantial risks involved in bringing the case; (2) the significant—even if not munificent—settlement obtained for the class; and (3) the lodestar calculation of approximately $590,000 worth of attorney hours. However, I have concluded that as a general matter a fee award in a "common fund" case should be calculated on the basis of the *net* settlement fund rather than the *gross* settlement fund. Accordingly, in directing payment of a fee of $317,371.62, I am approving a fee award of approximately 34.27% of the net fund—a percentage which, in the circumstances of this case, does not seem exorbitant.

This is a "common fund" case, in which attorneys' fees are awarded "to avoid the unjust enrichment of those who benefit from the fund that is created, protected, or increased by the litigation and who otherwise would bear none of the litigation expenses." Third Circuit Task Force Report on Court Awarded Attorney Fees, *reprinted in* 108 F.R.D. 237, 250 (1985); *see also In re General Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir.1995). From the point of view of the plaintiff class, the common fund is what is left after paying the expenses necessary to create the fund—in this case, $926,136.99. It is this net sum that the plaintiff class properly should share with the counsel who acquired it for them.

Plaintiffs' counsel argued at the March 19 hearing that if attorneys' fees are drawn from the net fund, then counsel would receive less in cases that require substantial expenses than they would in less expensive

cases. I do not find this result troubling. Such a fee calculation would deter unnecessary expenses; more importantly, because large expenses reduce the fund available to the plaintiff class, it is not inappropriate for counsel to share this loss.

Plaintiffs' counsel also object that unscrupulous defense counsel, knowing that plaintiffs' counsel will be rewarded on the basis of the net fund, may force plaintiffs' counsel into costly outlays by such tactics as scheduling depositions in distant locales. Because plaintiffs' counsel would in effect be paying a portion of the expenses themselves, they might feel pressured into acquiescing in a premature—and, from the perspective of the plaintiff class, inadequate—settlement. Given that (1) a court retains discretion to award fees on the basis of the gross fund rather than the net fund where the situation seems to call for such treatment, and (2) a court has ample authority to impose sanctions on attorneys who abuse the judicial process, the concerns voiced by plaintiffs' counsel do not seem to me persuasive.

For these reasons, I have approved an award of attorneys' fees in the amount requested, and in doing this I have adjusted the requested fee percentage upward in order to reflect that the award is a percentage of the net settlement fund.